# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SABIR ABDUL-HAQQ YASIR,**

    **Plaintiff,**

vs.                                            **Case No. 4:20cv50-RH-CAS**

**CHAD POPPELL, in his Official Capacity as Secretary, Florida Department of Children & Families; and DR. DONALD SAWYER, in his Individual Capacity,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendant filed a notice of removal, ECF No. 1, on January 29, 2020, seeking to remove this case from state court to federal court, although the notice asserted that the action was improperly filed in the Leon County Circuit Court because the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Florida. ECF No. 1 at 1. The notice of removal asserts that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Plaintiff alleged the violation of his First Amendment rights. ECF No. 1 at 3.

It appears that the notice of removal was timely filed as required by 28 U.S.C. § 1446(b)(1).[1]  The notice of removal notes that Plaintiff filed his complaint on December 10, 2019, ECF No. 1 at 2, but did not clearly state when the complaint was served.  Nevertheless, Defendant Sawyer states that the notice "has been filed within thirty (30) days after" Defendant Sawyer was served with process.  *Id.*  Defendant paid the filing fee and simultaneously filed the state court record as received by Defendant, and as required by 28 U.S.C. § 1446(a).  As of this date, Plaintiff has not filed an objection to removal.  Thus, it appears that the notice of removal is appropriate under 28 U.S.C. § 1441(a), and was timely filed.

On February 4, 2020, Defendant Sawyer filed a motion to transfer this case to the Middle District of Florida.  ECF No. 5.  That motion clarifies that Plaintiff's complaint was removed to this Court because the state court action was filed in Leon County, Florida.  However, the events giving rise to Plaintiff's claims arose at the Florida Civil Commitment Center in Arcadia, Florida, where Plaintiff is presently confined.  Because that facility is not

---

[1] Pursuant to § 1446(b)(1), a notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b)(1).

Case No. 4:20cv50-RH-CAS

within the territorial jurisdiction of this Court, the factors weigh in favor of transfer. See ECF No. 5 at 4-6.

Transferring this case to the Middle District of Florida will be more convenient for the parties as both Plaintiff and Defendant Sawyer are located there. Additionally, witnesses and all relevant documents will be in that jurisdiction. Finally, there are no facts alleged in the complaint which demonstrate that any actions occurred in the Northern District of Florida or which reveal that a policy was created here which governed events in Arcadia. ECF No. 5-1. Plaintiff alleged that he was prevented from mailing a letter, but he did not allege that this was the result of a policy created by Defendant Poppell in Tallahassee. Id.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." Plaintiff has not filed any opposition to the motion to transfer. There is no apparent prejudice to granting Defendants' motion. Indeed, it appears that it will be more convenient for Plaintiff as well as Defendants to litigate this case in the Middle District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b). Defendant's unopposed motion should be granted.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is **RECOMMENDED** that the motion be granted, ECF No. 1, and this case be transferred to the United States District Court for the Middle District of Florida, Ft. Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 9, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**